UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER WHEELER,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC ARNOLD,<br><br>        Respondent. | No. 2:15-cv-688-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss for lack of jurisdiction.  ECF No. 13.  For the reasons stated below, respondent's motion must be granted.

      Federal courts offer two main avenues to relief on complaints related to one's imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the duration of confinement are properly brought in a habeas action, whereas requests for relief turning on the circumstances of one's confinement are properly brought in a § 1983 action.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States."); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases. In essence, claims that would not necessarily shorten an inmate's sentence, if successful, fall outside the scope of habeas jurisdiction. *See Blair v. Martel*, 645 F.3d 1151, 1157 (9th Cir. 2011).

In this case, petitioner alleges that his equal protections rights were violated when prison officials refused to reclassify him as a non-violent offender and that he is ineligible for housing that would allow him increased access to prison programs. *See* ECF No. 1. This habeas action must be dismissed because petitioner's claim concerns only the conditions of his confinement. It does not sound in habeas because it does not concern the validity or duration of his confinement.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: December 1, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2